IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARY CLAAR, | ) |
| | ) 8:07CV156 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND ORDER |
| | ) |
| ARCHDIOCESE OF OMAHA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on defendant Archdiocese of Omaha's motion to dismiss, Filing No. 12.  On March 25, 2007, plaintiff Clay Claar ("Claar"), a resident of Springfield, Oregon, brought suit against defendant Archdiocese of Omaha ("Archdiocese"), a nonprofit corporation doing business in Omaha, Nebraska.  In his amended complaint, Filing No. 9, Claar maintains that the Archdiocese hired Father Duane Lucas ("Father Lucas") as a priest in 1978-79, despite knowledge that Father Lucas was a pedophile.  According to Claar, in his capacity as priest, Father Lucas groomed preteen and teenage boys, including Claar, and molested them.  This alleged abuse occurred in 1978-79 "and for several years following."[1]  Claar asserts that in 1990, he informed a different priest[2] about Father Lucas having sexually assaulted Claar.  In 2003, Claar

---

[1] Claar does not specify the time period during which he was allegedly abused by Father Lucas. Claar states that the Archdiocese employed Father Lucas from 1978 to 1979, but it remains unclear from the amended complaint whether Father Lucas reportedly continued to abuse Claar after Father Lucas's employment with the Archdiocese ended.

[2] In his amended complaint, Claar does not indicate who this priest is and whether this priest was employed by the Archdiocese when Claar informed him of the alleged abuse at the hands of Father Lucas. Claar asserts only that this priest to whom he confessed did not recommend any form of counseling or mental health assistance.

allegedly informed another priest in Springfield, Oregon, about Father Lucas assaulting him.

Claar alleges three causes of action in his amended complaint: assault and battery (Claim I); negligent hiring, supervision, and retention (Claim II); and breach of fiduciary duty (Claim III).  Filing No. 9.  Claar seeks general and special damages, pain and suffering, and other consequential damages, in an amount to exceed $75,000.  In addition, Claar requests a jury trial, as well as costs and any other relief the court deems appropriate. Diversity jurisdiction is proper in this case under 28 U.S.C. § 1332.

Defendant brings the motion to dismiss at issue, contending that pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should dismiss the amended complaint on the basis that plaintiff's claims are barred by applicable statutes of limitation, and the amended complaint fails to plead any applicable tolling excuses.  Filing No. 12.  Plaintiff opposes this motion.  Filing No. 17.

**MOTION TO DISMISS**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, — , 127 S. Ct. 1955, 1965 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, — , 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1964).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 1965. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Sanderson v. C.I.R.,* 231 F. App'x. 534, 535 (8th Cir. 2007) (not designated for publication). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See Bell Atlantic,* — U.S. at —,127 S. Ct. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966.

"A federal district court sitting in Nebraska must follow Nebraska's conflict of laws rules." *FDIC v. Nordbrock*, 102 F.3d 335, 337 (8th Cir. 1996) (*quoting Modern Computer Sys. v. Modern Banking Sys.*, 858 F.2d 1339, 1342 (8th Cir. 1988) (brackets omitted). Nebraska follows the Restatement (Second) of Conflict of Laws (1989) to determine Nebraska's choice of law for the applicable statute of limitations. *FDIC v. Nordbrock*, 102 F.3d at 338. According to Nebraska's choice of law rules, "Nebraska courts generally must apply the limitation period contained in the law of the state upon which a claim is

substantively based." *Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft*, 495 F.3d 582, 585 n.1 (8th Cir. 2007) (*citing* Neb. Rev. Stat. § 25-3203 (2007)). As such, the court finds that Nebraska's statutes of limitation apply to plaintiff's claims in this case.

Neb. Rev. Stat. § 25-207 (2007) provides that "an action for an injury to the rights of the plaintiff, not arising on contract," including assault and battery claims, is subject to a four-year statute of limitations. However, claims of assault and battery that accrued prior to July 13, 2000, are subject to a one-year statute of limitations. Neb. Rev. Stat. § 25-208 (Reissue 1995). Nebraska Revised Statute § 25-213, Nebraska's tolling statute, provides that the statute of limitations for a claim is tolled until the claimant reaches twenty-one years of age. *Lawson v. Ford Motor Co.*, 408 N.W.2d 256, 258-59 (Neb. 1987).

Claar does not provide his date of birth or his current age in his amended complaint. However, Claar filed suit on April 25, 2007, and four years previous is April 25, 2003. If Claar reached the age of twenty-one prior to April 25, 2003, and assuming no other tolling provision applies, Claar's claims are time-barred. The court finds this is likely, given the court's perceived time line of events. Claar alleges that he was assaulted in 1978-79; assuming that Claar was only age one when the abuse occurred, Claar would have turned age twenty-one in 2000, thus time-barring his claims. Moreover, Claar alleges that Father Lucas assaulted him along with other "preteen and teenage boys," further suggesting that Claar likely turned age twenty-one prior to April 25, 2003. Thus, if age is the only defense, the statute of limitations has long since run on plaintiff's claim because the plaintiff was likely older than twenty-one when he filed suit. Claar does argue that his pre-adolescent psyche impeded him from understanding the connection between the alleged assaults and

4

the psychological harm he incurred. Filing No. 17, Plaintiff's Brief in Opposition at 2. Claar agrees that he knew about his harm, he just did not realize the psychological connection to the alleged assault.

**NEGLIGENCE**

The Nebraska Supreme Court recognizes claims for both negligent hiring and negligent supervision. In this case, Claar has alleged two different counts under the general claim of negligent hiring, supervision and retention: "Policy or custom of ignoring signs of risk to children" (Count I); and "Failure to train" (Count II). A claimant asserting a negligent action must "plead facts from which it can be inferred that the defendant owed a duty to protect the plaintiff from injury, that the defendant failed to discharge that duty, and that damage proximately resulted from such failure." *Schieffer v. Catholic Archdiocese*, 508 N.W.2d 907, 916 (Neb. 1993). "[I]n negligence cases, the duty remains the same, to conform to the legal standard of reasonable conduct in light of the apparent risk." *Moglia v. McNeil Co.*, 700 N.W.2d 608, 618 (Neb. 2005).

Negligence also falls under the four-year statute of limitations in Neb. Rev. Stat. § 25-207(3) (2007). In this case, defendant's alleged abuse of Claar occurred in 1978-79. Absent any other tolling provision, and assuming that Claar turned twenty-one prior to the filing of this lawsuit, Claar's negligence claims are time barred as well.

**BREACH OF FIDUCIARY DUTY**

It appears the plaintiff is arguing that his counselor in Oregon and the Archdiocese of Oregon acted as agents for the Omaha Archdiocese when plaintiff received mental health counseling in 2003 from Peter O'Kulitch. Plaintiff apparently alleges that O'Kultich acted to prevent Claar from understanding that he might be able to sue the Omaha

Archdiocese. Claar contends he is not alleging malpractice. On the contrary, he is alleging that O'Kulitch and the Archdiocese of Portland worked in conjunction to run out the statute of limitations so Claar could not file suit. However, the amended complaint simply states these assertions as conclusions with no supporting facts. Further, neither O'Kultich nor the Archdiocese of Portland is a party to this case.

It appears from the facts as alleged by the plaintiff that everything the counselor did related to the allegation that he failed to provide effective counseling for plaintiff's psychological problems. The Nebraska Supreme Court has held that it will not apply different statutes of limitations to different parts of the professional relationship. *Maloley v. Shearson Lehman Hutton, Inc.*, 523 N.W.2d 27, 28-29 (Neb. 1994) (disapproved on other grounds). "This court has determined that any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is malpractice. . . . If a plaintiff's claims are for professional malpractice, whether pled in tort or contract, the statute of limitations for professional negligence contained in § 25-222 applies." *Egan v. Stoler*, 653 N.W.2d 855, 859-60 (2002). The two-year professional negligence statute of limitations applies in this situation. *See, e.g., St. Paul & Marine Ins. Co. v. Touch Ross & Co.*, 507 N.W.2d 275, 283 (Neb. 1993). This is true whether the claims are pled in tort or in contract. *Egan*, 653 N.W.2d at 860-61. The statute of limitations for professional negligence is two years from the alleged act or omission for failure to render the services. Neb. Rev. Stat. § 25-222. This lawsuit was filed in May 2007. The alleged breach occurred in 2003. Consequently, this claim is likewise barred by the statute of limitations.

**DISCOVERY RULE**

Plaintiff also argues that the discovery rule should apply to all of his causes of action, because even though he knew of his claim, he did not know his psychological damage was related to his assault. However, Nebraska law follows an "occurrence rule" for determining when a tort cause of action accrues, and the law states "an action in tort accrues as soon as the act or omission occurs," or in certain cases "the statute of limitations begins to run on the date when the party holding the claim discovers or, in the exercise of reasonable diligence, should have discovered the existence of the injury." *Alston v. Hormel Foods Corp.*, 730 N.W.2d 376, 380-381 (Neb. 2007); *Carruth v. State*, 271 N.W.2d 575 (Neb. 2006). Further, with regard to the injury the court has stated it is "the wrongful act or omission which causes the loss; it is not damage, which is the loss resulting from the misconduct. *Gering-Fort Laramie Irrigation Dist. v. Baker*, 612 N.W.2d 897, 903 (Neb. 2000).

In this case the injury according to the amended complaint occurred in 1978-79. Plaintiff knew of his injury at that time. Even giving him the benefit of the doubt as to his age, the discovery rule would not extend his cause of action. The same analysis holds true with regard to the claims of negligence against the Archdiocese, except as set forth herein below. Plaintiff does not contend that he just discovered the assault; he only contends that he just now connected his psychological issues to the alleged assault. The accrual of the cause of action for negligent supervision can be no later than the assaults, since that is when plaintiff first had knowledge of the assaults. *See Teater v. State of Nebraska*, 559 N.W.2d 758, 762 (1997). It appears that defendant's supervision of Father Lucas occurred

7

at the latest in 1990, and more probably earlier than that. Thus, again, the discovery rule does not extend this cause of action.

### REMAINING CAUSE OF ACTION

In paragraph 27 of plaintiff's amended complaint, he alleges that the Archdiocese purposefully and knowingly withheld information regarding the inappropriate actions of Father Lucas until sometime in 2003. Plaintiff argues he had no way of knowing that he had a cause of action against the Archdiocese, because of the intentional withholding of information. Accordingly, the court will allow the plaintiff to amend this part of his complaint. The amended complaint must allege facts sufficient to demonstrate that he is within the statute of limitations on this issue. The court will grant the plaintiff thirty days to so amend.

THEREFORE, IT IS ORDERED that defendant's motion to dismiss, Filing No. 12, is granted in part and denied in part. Plaintiff's amended complaint is dismissed with the exception of paragraph 27 as set forth herein, and plaintiff shall have thirty days to so amend his complaint.

DATED this 18th day of December, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge