IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARY CLAAR, | ) | |
| | ) | 8:07CV156 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ARCHDIOCESE OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Archdiocese of Omaha's motion to dismiss, Filing No. 27, plaintiff's second amended complaint, Filing No. 24. On March 25, 2007, plaintiff Clay Claar ("Claar"), a resident of Springfield, Oregon, brought suit against defendant Archdiocese of Omaha ("Archdiocese"), a nonprofit corporation doing business in Omaha, Nebraska. Claar filed an amended complaint, Filing No. 9, which this court dismissed on the basis that the statute of limitations had run on all causes of action with the possible exception of paragraph 27. Filing No. 20. The court gave the plaintiff thirty days to amend the complaint as it related to paragraph 27. The plaintiff has done so, Filing No. 24, and the defendant has moved to dismiss the second amended complaint. Filing No. 27. The court finds that the plaintiff has again failed to state a claim upon which relief can be granted and will dismiss the second amended complaint.

Claar alleges four causes of action in his second amended complaint:[1] (1) a constitutional challenge to the statute of limitations set forth in Neb. Rev. Stat. §§ 25-207

---

[1] For the record, these causes of action are virtually identical to Claar's former amended complaint.

(four-year statute of limitations) and 25-222 (two-year statute for professional negligence);[2] (2) assault and battery by Father Duane Lucas while in the scope of his agency with the Archdiocese; (3) negligent hiring, supervision and retention of Father Lucas by the Archdiocese; and (4) breach of fiduciary duty by the Archdiocese as it relates to counseling received by Claar from the Archdiocese in Portland, Oregon. Claar seeks general and special damages, pain and suffering, and other consequential damages, in an amount to exceed $75,000. In addition, Claar requests a jury trial, as well as costs and any other relief the court deems appropriate. Diversity jurisdiction is proper in this case under 28 U.S.C. § 1332.

Defendant brings the motion to dismiss at issue, contending that pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should dismiss the amended complaint on the basis that plaintiff's claims are barred by applicable statutes of limitation, and the amended complaint fails to plead any applicable tolling excuses. Filing No. 27. Plaintiff opposes this motion.

## MOTION TO DISMISS

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, —, 127 S. Ct. 1955, 1965 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1964). In order to survive

---

[2]The court notes for the record that Claar failed to file a notice with the Nebraska Attorney General's Office as required by Fed. R. Civ. P. 5. 1(d).

2

a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id*. "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 1965. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Sanderson v. C.I.R.,* 231 F. App'x. 534, 535 (8th Cir. 2007) (not designated for publication). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966.

"A federal district court sitting in Nebraska must follow Nebraska's conflict of laws rules." *FDIC v. Nordbrock*, 102 F.3d 335, 337 (8th Cir. 1996) (*quoting Modern Computer Sys. v. Modern Banking Sys.*, 858 F.2d 1339, 1342 (8th Cir. 1988) (brackets omitted). Nebraska follows the Restatement (Second) of Conflict of Laws (1989) to determine Nebraska's choice of law for the applicable statute of limitations. *FDIC v. Nordbrock*, 102

3

F.3d at 338. According to Nebraska's choice of law rules, "Nebraska courts generally must apply the limitation period contained in the law of the state upon which a claim is substantively based." *Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft*, 495 F.3d 582, 585 n.1 (8th Cir. 2007) (*citing* Neb. Rev. Stat. § 25-3203 (2007)). As such, the court finds that Nebraska's statutes of limitation apply to plaintiff's claims in this case.

Neb. Rev. Stat. § 25-207 (2007) provides that "an action for an injury to the rights of the plaintiff, not arising on contract," including assault and battery claims, is subject to a four-year statute of limitations. However, claims of assault and battery that accrued prior to July 13, 2000, are subject to a one-year statute of limitations. Neb. Rev. Stat. § 25-208 (Reissue 1995). Nebraska Revised Statute § 25-213, Nebraska's tolling statute, provides that the statute of limitations for a claim is tolled until the claimant reaches twenty-one years of age. *Lawson v. Ford Motor Co.*, 408 N.W.2d 256, 258-59 (Neb. 1987).

## REMAINING CAUSE OF ACTION

In paragraph 27 of plaintiff's previously amended complaint, Filing No. 9, Claar alleged that the Archdiocese purposefully and knowingly withheld information regarding the inappropriate actions of Father Lucas until a lawsuit was filed by another victim. Plaintiff argued he had no way of knowing that he had a cause of action against the Archdiocese, because of the intentional withholding of information. The court allowed the plaintiff to amend this portion of his complaint, stating that the amended complaint must allege facts sufficient to demonstrate that plaintiff is within the statute of limitations on this issue.

In his second amended complaint, Claar also states he told a priest in Springfield, Oregon, in 2003 of Father Lucas' assault.[3] Filing No. 24, ¶ 9. Claar believes that the

---

[3] Claar states that he first told a priest in 1990. Claar gives no details about who he told.

4

Archdiocese of Portland conveyed this information to the Archdiocese in Omaha in 2003 or 2004. *Id*. at ¶ 9. Claar makes no specific allegation in his second amended complaint regarding what information was conveyed or how it was conveyed or by whom it was conveyed. Claar makes no specific claim as to how this information, whatever it may be, would have given rise to a cause of action against the Archdiocese. Claar alleges that the Archdiocese of Portland acted as an agent for the Archdiocese of Omaha and arranged for counseling for him. *Id*. at ¶ 10. Claar contends this counseling was designed to prevent him from understanding and recognizing his cause of action against the Archdiocese. Further, alleges Claar, neither the Archdiocese nor Counselor Peter O'Kulitch advised Claar that his statute of limitations would begin to run once he recognized his cause of action. In fact, Claar alleges that the Archdiocese of Portland and O'Kulitch worked as agents of the Archdiocese of Omaha to delay his understanding and to fraudulently conceal his cause of action. *Id*. at ¶¶ 12 and 13. Again, Claar fails to tell the court what cause of action he would have against the Archdiocese that was concealed.

## DISCUSSION

1. <u>Constitutional challenge to Neb. Rev. Stat. §§ 25-207, 25-222</u>[4]

Claar contends that these two sections of the Nebraska Revised Statutes which set forth statutes of limitations are unconstitutional, as they do not allow an exception for individuals, who because of childhood sexual assault, do not discover their cause of action within the limitations periods. The court has previously discussed the statute of limitations and the occurrence and tolling provisions under Nebraska law and it will not do so again.

---

[4]For the first time, plaintiff asks this court to strike down these statutes. The plaintiff points the court to a number of states who have statutes that are more liberal in child abuse cases. Filing No. 33, at 2-3. However, it is for the Unicameral of the State of Nebraska to pass such legislation. It is not the role of this court to determine if the statute of limitations is outdated or should be rewritten.

See Filing No. 20. The court will not decide the constitutionality of these statutes. In its order dated December 18, 2007, Filing No. 20, this court dismissed all of plaintiff's causes of action with the exception of whether the Archdiocese intentionally withheld information regarding Father Lucas' behavior that gives rise to a cognizable claim by Claar. Because the court finds there is no cognizable claim as hereinafter set forth, the court need not decide whether these statutes are constitutional.

### 2. Assault and Battery

Claar again alleges that he was assaulted and battered by Father Lucas who acted while in the scope of his employment with the Archdiocese. The court dismissed this count in its previous order. Filing No. 20.

### 3. Breach of Fiduciary Duty

Claar alleges that O'Kulitch and the Archdiocese of Portland both acted as protector of the Omaha Archdiocese and in a fiduciary capacity to him. Claar further contends that O'Kultich and the Archdiocese of Portland breached their fiduciary duty and directly and proximately caused damages to Claar. Filing No. 24, ¶ 37. Again, the court previously dealt with this issue and dismissed it from the case. Filing No. 20.

### 4. Negligent Hiring, Supervision and Retention

Likewise, the court found that the allegations regarding negligence are time barred and will not address them in this Memorandum and Order. Filing No. 20.

### 5. Fraudulent Concealment

> The elements that must be alleged and proven to establish fraudulent concealment are (1) that the opposing party had a duty to disclose a material fact; (2) that the opposing party, with knowledge of the material fact, concealed the fact; (3) that the material fact was not within the alleging party's reasonably diligent attention, observation, and judgment; (4) that the

opposing party concealed the fact with the intention that the alleging party act in response to the concealment or suppression; (5) that the alleging party, reasonably relying on the fact or facts as he or she believed them to be as the result of the concealment, acted or withheld action; and (6) that the alleging party was damaged by the opposing party's action or inaction in response to the concealment.

*Precision Enterprises, Inc. v. Duffack Enterprises, Inc.*, 710 N.W.2d 348 (Neb. App. 2006).

The allegations made by Claar in his second amended complaint, although quite vague, are that (1) the Archdiocese intentionally concealed information regarding Father Lucas, and (2) that O'Kultich and the Archdiocese of Portland acted as agents for the Omaha Archdiocese to prevent Claar from filing his claim prior to the expiration of the statute of limitations. These allegations are akin to a fraudulent concealment action. Whether the plaintiff has now alleged sufficient facts to support a fraudulent concealment action is what the court must address. *See* Fed. R. Civ. P. 9(b) (particularity requirement for fraud). In that regard, this court previously stated:

> In paragraph 27 of plaintiff's amended complaint, he alleges that the Archdiocese purposefully and knowingly withheld information regarding the inappropriate actions of Father Lucas until sometime in 2003. Plaintiff argues he had no way of knowing that he had a cause of action against the Archdiocese, because of the intentional withholding of information. Accordingly, the court will allow the plaintiff to amend this part of his complaint. **The amended complaint must allege facts sufficient to demonstrate that he is within the statute of limitations on this issue.** The court will grant the plaintiff thirty days to so amend. (Emphasis added)

Filing No. 20, p. 8. Plaintiff's allegation in his second amended complaint states that "Prior to 2003, CLAAR did not discover, nor could he have reasonably discovered, that the ARCHDIOCESE had a custom and practice of ignoring knowledge . . . of Father Lucas's misconduct and boundary violations, because such knowledge was specifically held by officers and agents of ARCHDIOCESE, who did not reveal such information until after it

had been sued by another victim. . . . " Filing No. 24, Second Amended Complaint, ¶ 30. Claar offers no information regarding this alleged lawsuit involving a second victim. Claar further contends that O'Kulitch and the Archdiocese of Portland, acting as agents of the Archdiocese, intended to run out the statute of limitations through this fraudulent concealment. *Id*. at ¶¶ 13-15, 31. Again, Claar fails to allege what cause of action was concealed. Claar basically alleges now that the agents in Portland, Oregon, did what they could to distract him from his sexual abuse issues in order to keep him from filing this lawsuit. Claar then states he first discovered his cause of action against the defendant on April 25, 2006. However, Claar again does not state the basis for using this date, nor does he state what cause of action he discovered against the Archdiocese.

     The court finds that Claar fails to state what cause of action he has discovered. All of his causes of action for sexual abuse expired under the Nebraska statute of limitations. Claar admits he knew he was abused by Father Lucas in the late 1970s. Claar also admits he told an unnamed priest back in 1990. He still fails to tell this court his age or his date of birth. He still fails to tell this court what the Omaha Archdiocese concealed that would have tolled the statute of limitations and given rise to some cause of action. Also, there are no exact dates of concealment alleged in the complaint. Plaintiff has also failed to specify the timing of the counseling and the other lawsuit that put him on notice of the concealment. Although the court allowed plaintiff to amend and provide sufficient details to state a claim, plaintiff has failed to do so. Accordingly, the court cannot accurately determine when the tolling occurs. Again, plaintiff fails to allege the exact timing when the abuse ended, noting only that in 1990 he told another priest about it. The court is going to determine that the abuse stopped prior to 1990 and at least seventeen years passed

before suit was filed. Consequently, there must be an adequate reason to toll the running of the limitations periods.

This is not a case where the plaintiff did not know the facts underlying his claim. Plaintiff knew all facts related to his claim.[5] The Eighth Circuit has ruled in a sexual abuse case that "the fact that [plaintiff] may not have actually drawn the connection at that point or may not have understood the extent of his damages did not prevent the statute of limitations from running. *See Rosnick v. Marks*, 357 N.W.2d 186, 189 (Neb. 1984) ("A cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain suit, although the nature and extent of the damages may not be known."). Thus, the discovery rule of equitable tolling does not preserve Kraft's cause of action." *Kraft v. St. John Lutheran Church*, 414 F.3d 943, 948 (8th Cir. 2005). In spite of the court's request that the plaintiff file specific facts showing a cause of action within the statute of limitations, Claar has failed to do so. Claar has not "plead enough facts to state a claim for relief that is plausible." *Sanderson*, 231 F. App'x at 534-35. The court concludes that Claar knew of the occurrence at the time of the sexual abuse. Claar has failed to show this court how any alleged fraudulent concealment would have stopped him from bringing an earlier action against the Archdiocese. Accordingly, for all the reasons set forth herein, the court will grant defendant's motion to dismiss this case.

---

[5]For the record, the court notes this is not a case of repressed memory.

9

THEREFORE, IT IS ORDERED that defendant's motion to dismiss, Filing No. 27, is granted. A separate order of judgment will be entered in accordance with this Memorandum and Order.

DATED this 9th day of June, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge